UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MIKE MORSE,

    Plaintiff,

v.                                                                  CASE NO: 8:10-cv-2461-T-26AEP

ZONA LONG BAIL BONDS, INC., and
KIM LONG,

    Defendants.
    _____/

**O R D E R**

Upon due consideration of the procedural history of this case, including the Court's Case Management and Scheduling Order (the CMSO) entered July 25, 2011, at docket 23, it is ordered and adjudged that Defendants' Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment (Dkt. 25) is denied for the following reasons.

First, Defendants do not specify the basis for their motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure. If Defendant is claiming that Plaintiff cannot state a claim upon which relief may be granted under Rule 12(b)(6), then Defendant is foreclosed from doing so at this juncture of the proceedings because it filed an answer to Plaintiff's complaint. See Leonard v. Enterprise Rent A Car, 279 F.3d 967,

971 n.6 (11th Cir. 2002) (noting that "by filing an answer, the defendants had eschewed the option of asserting by motion that the complaint failed to state a claim for relief."). Additionally, if Defendant's motion is based on Rule 12(b)(6), the motion is due to be denied because it requires the Court to consider matters beyond the complaint. See Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984) (observing that "[c]onsideration of matters beyond the complaint is improper in the context of a motion to dismiss [under Rule 12(b)(6)]."); Malowney v. Federal Collection Deposit Group, 193 F.3d 1342, 1347 n.5 (11th Cir. 1999) (noting that "when considering a motion to dismiss for failure to state a claim, we may look only to the facts alleged in the complaint and not beyond.") (citing Milburn).

Second, this Court is not inclined to convert the motion to dismiss into a motion for summary judgment at this early stage of the proceedings. The Court's CMSO imposes a discovery cut-off date of March 15, 2012, which is almost five (5) months away. Consequently, although a party is entitled to summary judgment, that entitlement assumes that adequate time for discovery has passed. See American Fed'n of Labor and Congress of Indus. Org. v. City of Miami, 637 F.3d 1178, 1186 (11th Cir. 2011); accord Simpson & Creasy, P.C. v. Continental Cas. Co., 2011 WL 4810010 at *2 (11th Cir. Oct. 12, 2011) (unpublished). In the Court's view, Plaintiff has not been afforded adequate time to engage in discovery aimed at refuting Defendants' allegations with regard to whether they fall within the ambit of the enterprise coverage of the Fair Labor Standards

Act and whether Plaintiff is exempt from coverage under that act. Furthermore, Defendants' motion is due to be stricken pursuant to paragraph 6(g) of the CMSO for failure to abide by the directive of paragraph 6(b) of that order.

**DONE AND ORDERED** at Tampa, Florida, on October 26, 2011.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

COPIES FURNISHED TO:
Counsel of Record